In the Matter of the Application of JOHN J. McNABOE, a Candidate Aggrieved, Petitioner, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, and MICHAEL DONNELLY, the Objector Herein, Respondents, for an Order Declaring Valid, Proper and Legally Effective the Designating Petitions Filed with the Board of Elections Designating EDWARD J. FITZPATRICK and DENNIS CONROY as Delegates to the Democratic National Convention from the Sixteenth Congressional District of New York, and for a Further Order Declaring Valid, Proper and Legally Effective the Substitution of Petitioner and ALFRED E. SMITH, JR., in place of the Said Original Candidates Who Declined, and for Other and Further Relief.* †

* For opinion of McGEEHAN, J., see *Matter of Fay* (N. Y. L. J. March 21, 1940, p. 1285).

† Affd., 282 N. Y. 741.

In the Matter of the Application of ALFRED E. SMITH, JR., a Candidate Aggrieved, Petitioner, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, and MICHAEL DONNELLY, the Objector Herein, Respondents, for an Order Declaring Valid, Proper and Legally Effective the Designating Petitions Filed with the Board of Elections Designating EDWARD J. FITZPATRICK and DENNIS CONROY as Delegates to the Democratic National Convention from the Sixteenth Congressional District of New York, and for a Further Order Declaring Valid, Proper and Legally Effective the Substitution of Petitioner and JOHN J. McNABOE in Place of the Said Original Candidates Who Declined, and for Other and Further Relief.* †

In the Matter of the Application of JAMES H. FAY, an Aggrieved Candidate, Petitioner, Respondent, for the Determination by the Court of the Questions of Law and Fact Arising Out of the Filing of a Certificate Purporting to Designate JOHN J. McNABOE and ALFRED E. SMITH, JR., as Candidates for the Party Positions of Delegates from the Sixteenth Congressional District of New York to the Democratic National Convention in Place of EDWARD J. FITZPATRICK and DENNIS CONROY.

JOHN J. McNABOE and ALFRED E. SMITH, JR., Appellants; S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, Respondents.* †

In the Matter of the Application of MICHAEL DONNELLY, Petitioner, Respondent, for the Determination by the Court as to the Designation of EDWARD J. FITZPATRICK, DENNIS CONROY and Others, Named in the Petition, Known as the Fitzpatrick Petition, Sixteenth Congressional District, New York, for Nomination as Delegates and Alternates to the Democratic National Convention.

ALFRED E. SMITH, JR., and JOHN J. McNABOE, Appellants; S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, Respondents.* †

(Consolidated Appeals.)

First Department, March 27, 1940.

---

* For opinion of McGEEHAN, J., see *Matter of Fay* (N. Y. L. J. March 21, 1940, p. 1285).

† Affd., 282 N. Y. 741.

*Benjamin Gassman* of counsel [*Timothy J. Healy* and *William J. Reinhart, Jr.*, with him on the brief], for the appellants.

*John T. Dooling*, for the respondents Michael Donnelly and James H. Fay.

*Russell Lord Tarbox*, for the respondent Board of Elections of the City of New York.

PER CURIAM. Concededly, section 21 of the Election Law contains no provision with respect to party enrollment or residence. In view of the fact that sections 11 and 12 of the same law relating to State and county committees, respectively, have specific reference both to enrollment and residence, and since a like situation prevails in the rules of the party to which the petitioners belong, we are of opinion that the failure of section 21 to mention enrollment or residence precludes any specific application of such to any candidate for an election as a delegate or alternate to the party national convention.

The Election Law has many times been amended without a change in the provisions of section 21 in the respect noted. The omission of an enrollment or residence requirement, therefore, may not be deemed to have been inadvertent.

With the wisdom of the law as constituted or the desirability of an amendment in either respect, the courts are not concerned. It is a matter for the Legislature so far as the Election Law is involved.

It follows, therefore, that the orders appealed from should be reversed, the applications of James H. Fay and Michael Donnelly denied, and the applications of John J. McNaboe and Alfred E. Smith, Jr., granted.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

In the McNaboe proceeding: Order unanimously reversed, without costs, and motion granted.

In the Smith, Jr., proceeding: Order unanimously reversed, without costs, and motion granted.

In the Fay proceeding: Order unanimously reversed, without costs, and motion denied.

In the Donnelly proceeding: Order unanimously reversed, without costs, and motion denied.